# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | 3:23-CR-00026 (KAD) (TOF) |
| GLENN OZTEMEL and | : | |
| EDUARDO INENECCO | : | |
| | : | |

## DEFENDANT GLENN OZTEMEL'S MOTION FOR MODIFICATION OF THE CONDITIONS OF HIS PRE-TRIAL RELEASE

Defendant Glenn Oztemel respectfully moves this Court to modify the Order Setting Conditions of his Pre-Trial Release ("Bail Order") – namely, removing the condition that he have no direct or indirect contact with Robert Peck, and in its place adding a condition that he not speak with Mr. Peck about the substance of or underlying facts pertaining to the instant case. We have conferred and the Probation Department takes no position with respect this application and the government has advised (as described below) that it does not oppose this application.

Mr. Oztemel was arraigned on the above-referenced Indictment before Your Honor on February 27, 2023 (Dkt. 19), who set, *inter alia*, and as relevant to this application, the following conditions of Mr. Oztemel's pre-trial release: (1) the execution of an appearance bond in the amount of $3,000,000; (2) submission to supervision by the United States Probation Office; (3) the surrender of Mr. Oztemel's passport and a prohibition on obtaining a new passport or other international travel document; (4) the restriction of avoiding all direct or indirect contact with Robert Peck, Rodrigo Berkowitz, Paulo Berkowitz and Marcus Alcoforado and the prohibition of communicating with Gary Oztemel, Mr. Oztemel's brother, regarding the case or anything business-related; (5) the reporting to pretrial services every contact with law enforcement

personnel.  A copy of Mr. Oztemel's Bond is attached hereto as Exhibit A.  Mr. Oztemel has complied with these conditions without incident.

Mr. Oztemel and his family have an upcoming social event, a graduation, at which they and Mr. Peck and his family will also be present.  Mr. Oztemel and Mr. Peck worked together for many years and have socialized at various times for many years.  Accordingly, we respectfully request that the Court modify condition (7)(g) of the Mr. Oztemel's Bail Order with respect to Mr. Peck, to only restrict communications with Mr. Peck regarding the instant case.  The prohibition of all of contact with Mr. Peck is unnecessary to address the twin concerns of the Bail Reform Act, namely, (1) the reasonable assurance of the appearance of the defendant as required, and (2) the safety of any other person in the community.  See 18 U.S.C. § 3142(c)(1)(B) (requiring the court to fashion a bail package including the "least restrictive condition or combination of conditions" that meet the twin goals of the Act).

Assistant United States Attorney Michael S. McGarry informed us that the government would not oppose this application and an amendment to the bail conditions such that "Mr. Oztemel be ordered not to speak to Rob Peck about the substance of or underlying facts pertaining to Mr. Oztemel's criminal case".  (Mr. McGarry also noted the government's lack of objection to this application should not be construed as a change in its position regarding the bases for initial bail condition.)  The U.S. Probation Officer supervising Mr. Oztemel's pre-trial release, Mr. Michael Dorn, informed us that he defers to the Court for resolution of this application.

Accordingly, we respectfully request that the Court sign the accompanying proposed Order modifying condition (7)(g) of the Bail Order so as to delete the prohibition of all direct or

indirect contact with Robert Peck and in its place prohibit Mr. Oztemel from speaking to Rob Peck about the substance of or underlying facts pertaining to Mr. Oztemel's criminal case.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: _____
Chanel Thomas
Nelson A. Boxer
David Hoffman
655 Third Avenue
New York, NY 10017

*Attorneys for Glenn Oztemel*