IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:23-CR-00026 (KAD) |
| | : | |
| GLENN OZTEMEL and | : | |
| EDUARDO INENECCO | : | |
| | : | |

## GLENN OZTEMEL'S MOTION TO SEAL

Pursuant to District of Connecticut Local Rule 57, Defendant Glenn Oztemel, by and through undersigned counsel, respectfully submits this motion to seal portions of his Reply Memorandum in Support of his Motion to Compel ("Reply"), portions of the Declaration of Nelson A. Boxer, and accompanying exhibits, filed redacted at the same time as this Motion to Seal. Mr. Oztemel makes this motion because the Reply includes references to, and quotes from, documents that have been identified by the government as containing Protected Discovery Materials pursuant to Section H of the Local Rules Standing Order on Discovery. We have communicated with government counsel, and they do not object to this motion.

### APPLICABLE STANDARDS

Although the public has a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), as well as a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted), those rights are not absolute. "[T]he fact that a document is a judicial record does not mean that access to it cannot

1

be restricted." *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *see also Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 231 (D. Conn. 2019) (explaining that "strong presumption of public access" to complaint filed in case "does not mean that every word in the Complaint enjoys an inviolable presumption of public access").

In establishing whether the common law right of access requires the disclosure of a judicial document, a court must (1) "determine the weight of the presumption of access," and (2) identify and balance "all of the factors that legitimately counsel against disclosure of the judicial document," including "the danger of impairing law enforcement or judicial efficiency." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted). In determining the weight of the presumption of access, a court must be guided "by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995).

In determining whether a First Amendment right attaches to a particular document, the Second Circuit has considered (1) whether the document has "historically been open to the press and general public," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks omitted), (2) "whether public access plays a significant positive role in the functioning of the particular process in question," *id.*, and (3) "the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120.

Even where a strong presumption of access is established (whether under the common law or pursuant to the First Amendment), a document may nevertheless be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and

2

is narrowly tailored to serve that interest." *Erie Cty.*, 763 F.3d at 239 (internal quotation marks omitted); *see Kleftogiannis*, 411 F. Supp. 3d at 231. The Court of Appeals has recognized the interest in "prevent[ing] disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). Accordingly, in assessing the weight of the privacy interest, courts "consider the degree to which the subject matter is traditionally considered private rather than public," as well as "the protection of the law enforcement privilege to investigations" that are for the "purpose[] of. . . enforcing the criminal law." *Id.* at 485.

## ARGUMENT

We seek to file under seal Section II and portions of pages 6 to 7 of our Reply brief and the accompanying exhibits.

The District of Connecticut Local Rules require that any order to seal include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons." D. Conn. L.Cr. R. 57(b). The information Mr. Oztemel seeks to seal contains FBI witness interviews ("302s") produced by the government on June 8, 2023, which the government marked as "Protected Discovery Material" pursuant to the Court's Standing Order. [1] Courts have permitted this exact sort of material to be redacted or

---

[1] Section H of this Court's Standing Order governing discovery in criminal indicates: "The attorney for the government may designate in writing that certain discovery material is "Protected Discovery Material" by bates-stamp, letter, index or other clear manner. Protected Discovery Material means only grand jury testimony and written or recorded statements of witnesses (other than by the defendant as set forth in subparagraph (A)(1)(a)-(d) above), material filed under seal in any court, reports drafted by law enforcement officers or agencies, material provided to the United States by foreign law enforcement officers or agencies and/or material regarding such provision, and material that has been classified." Stnd. Ord. § (H).

sealed. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 01570, 2020 WL 8611148, at *3 (S.D.N.Y. Oct. 2, 2020) (ordering the redaction of materials that "would tend to reveal what was contained in the 302 material itself" or "is a direct quote from an FBI 302 report memorializing an interview").

Moreover, courts have recognized that public access to government investigative materials may "unveil subjects of the investigation and the potential conduct under scrutiny, the full volume and nature of the evidence gathered thus far, and the sources of information provided to the Government." *United States v. Cohen*, 366 F. Supp. 3d 612, 623 (S.D.N.Y. 2019) (concluding that information discussing an ongoing investigation should not be made public). Courts "have regularly observed in the context of ongoing investigations, the disclosure of such information may enable uncharged individuals to coordinate or tailor their testimony and interactions with the Government." *Id.* The Reply, which seeks additional *Brady* and *Giglio* material likely possessed by the government, heavily references materials in the 302s, including the names of potential witnesses and their statements. Additionally, this case remains ongoing and faces the concerns identified in *Cohen*, and therefore overcomes the presumption of public access.

Finally, the government has informed that they do not object to a motion to seal portions of the Reply brief.

***

For the foregoing reasons, Mr. Oztemel respectfully requests permission to file the portion of his Motion to Compel described above under seal.

Dated: New York, New York
      June 21, 2023

Respectfully Submitted,

/s/ Nelson A. Boxer

Nelson A. Boxer
David Hoffman
Chanel Thomas
PETRILLO KLEIN & BOXER LLP
655 Third Avenue
New York, NY 10017
Telephone: (212) 370-0338
nboxer@pkbllp.com

Paul McConnell
638 Prospect Avenue
Hartford, Connecticut 06105
Phone: (860) 266-1166
paul@mcconnellfamilylaw.com

5