UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:23-CR-00026 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| GLENN OZTEMEL, | ) | MAY 24, 2024 |
| GARY OZTEMEL. | ) | |
| | ) | |

**ORDER RE: DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF TRANSLATIONS (ECF NO. 158)**

Kari A. Dooley, United States District Judge

Defendants Glenn and Gary Oztemel jointly seek an order from the Court directing the Government to produce translations of approximately 334 pages of documents and 167 minutes of audio/video recordings, all of which are in Portuguese. *See* Gov. Opp'n, ECF No. 165 at 2; Defs.' Reply, ECF No. 166 at 3, n. 2.[1] Defendants assert that the Government is obligated to provide the translations under both Federal Rule of Criminal Procedure 16 ("Rule 16") as well as *Brady v. Maryland* and its progeny. 373 U.S. 83 (1963); Defs.' Mem., ECF No. 160 at 9–14. Alternatively, Defendants request that the Court order the translations as within the Court's inherent authority to manage discovery, even absent statutory or other authority requiring the Government to do so, and use that same authority to conduct an *in camera* review of the Government's Mutual Legal Assistance Treaty (MLAT) requests. *Id.* at 14–15. The Government opposes the motion. The Court concludes that neither Rule 16 nor *Brady* requires the Government to prepare and produce translations of materials it does not intend to offer at trial. And whether the Second Circuit might

---

[1] The parties stated page totals differ slightly. The Government's Opposition brief indicates that the total amount of material Defendants request them to translate is 333 pages of documents and 16 videos, totaling 167 minutes of footage. Defendants state in their reply that they are requesting 16 videos, without specifying the duration, as well as 361 pages of documents.

recognize the Court's inherent authority to compel such production, the Court need not decide, as Defendants have not demonstrated that it would be appropriate or equitable for the court to exercise such inherent authority. Significant to the Court's conclusion is that the Government has already committed to provide certified translations for any material it intends to offer at trial. Gov. Opp'n at 2.

Rule 16 requires the government to produce documents and objects "within the government's possession, custody, or control," that is "material to preparing the defense," intended for use by the government "in its case-in-chief at trial," or that was "obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Similarly, *Brady* requires the government to produce material favorable to the defense and held that suppression of such evidence violates due process "where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Subsequent cases expanded *Brady's* holding to include impeachment evidence. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

Defendants' argument that failing to produce translations is tantamount to suppression is not supported by the law. There is no *Brady* suppression where a defendant "had sufficient access to the essential facts enabling him to take advantage of any exculpatory material that may have been available..." *United States v. Zackson*, 6 F.3d 911, 919 (2d Cir. 1993). "'[A]s long as a defendant possesses *Brady* evidence in time for its effective use,' there can be no *Brady* violation." *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016) (quoting *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001). "The Government is under no general obligation to sort or organize *Brady* material disclosed to defendants." *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 825 F. Supp. 2d 451, 454 (S.D.N.Y. 2011) (citing *United States v. Skilling,* 554 F.3d 529, 576 (5th Cir. 2009). Here, Defendants erroneously conflate translation and production. The materials have

all been produced well in advance of trial. Under the present circumstances, nothing further is required. *See United States v. Zavala,* 839 F.2d 523 (9th Cir. 1988) (Finding no error where the government provided recordings of all calls, but only translated and transcribed approximately 1,800 out of 11,000 that it deemed "drug-related."); *United States v. Parks*, 100 F.3d 1300 (7th Cir. 1996) (Finding error where the district court ordered the government to transcribe 65 hours of recordings so defense could examine for *Brady* material—holding that "[t]here is no requirement under *Brady* that the government transcribe the entire sixty-five hours of the intercept, much of which contains irrelevant information," and that "[t]here is no logical or practical reason to hold the Government's evidence hostage until the Government performs an act not required by law, nor is there any reason to require the Government to conduct defendants' investigation for them."); *Dominguez v. Rock,* 2016 WL 542120, at *12 (E.D.N.Y. 2016) ("… *Brady* does not require the prosecution to provide a defendant with a translated version of any statements in their possession" and in any event, no *Brady* violation occurred where the defendant had the full, albeit untranslated, statement.); *United States v. Bravo-Fernandez,* 792 F. Supp. 2d 172, 175 (D. Puerto Rico 2011) (Requiring only the production of translations for materials to be used at trial and finding no authority requiring the government to produce additional translations). And the mere fact that the Portuguese documents are part of a significantly larger discovery production does not, in and of itself, implicate *Brady. See United States v. Pelullo*, 399 F.3d 197, 212 (3d Cir. 2005), *as amended* (Mar. 8, 2005) ("*Brady* and its progeny permit the government to make information within its control available for inspection by the defense and impose no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from materials that are so disclosed.").

*United States v. Djibo,* 730 F. App'x 52 (2d Cir. 2018), relied upon by Defendants, does not compel a different result. To the contrary, *Djibo* is entirely consistent with this ruling. There, days before trial, the government produced approximately 8,000 pages of material, many of which were in Swahili. The court first observed that because the district court granted only a one-day adjournment of the trial, *defense counsel did not have sufficient time to obtain translations*. Defendant sought a new trial, arguing that the eve-of-trial disclosure was a *Brady* violation because it did not give *the defendant sufficient time to obtain translations*, which constituted effective suppression of the materials. There was no argument or even suggestion that the Government should have produced translations of the records. The Circuit vacated the order denying the motion for a new trial and remanded the matter with direction that the district court provide CJA resources *to the defendant* for purposes of securing translations and thereafter renewing his motion for a new trial should he so choose. Defendants' statement that the Court in *Djibo* "found that the government's refusal to translate the materials made it impossible to determine whether the defendant's lack of access to those materials inhibited his defense" is simply wrong. Defs.' Reply at 4.

For these same reasons, Defendants' argument that the Government's refusal to provide the translations implicates their Sixth Amendment right to the effective assistance of counsel, also fails. Defendants' counsel has adequate time to secure translations and to make use of such translations. If additional time is needed, the Defendants may seek, and the Court will permit, a continuance of the trial schedule.

Finally, Defendants' request that the Court conduct an *in camera* review of the Government's MLAT applications is also denied. Defendants ask the Court to review those applications in order to determine whether the Government has complied with its *Brady* and *Giglio*

disclosure obligations. Defs.' Mem. at 15. The Court, however, has no basis to believe that the Government has not met those obligations and the *in camera* review requested by the Defendants is therefore not necessary or appropriate.

In sum, the issue presented is not one of constitutional magnitude as posited by Defendants, but rather a dispute as to the division of labor and costs between the parties. Translation services are expenses typically born by the defense, as exemplified by the regular use of CJA funds for just this purpose when a defendant has court-appointed counsel. 18 U.S.C. § 3006(A); *See also Djibo,* 730. F. App'x at 56.  For all of these reasons, the motion to compel translations is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of May 2024.

                                        */s/ Kari A. Dooley*
                                        KARI A. DOOLEY
                                        UNITED STATES DISTRICT JUDGE